MC–275

Name  William Kirkpatrick, Jr.

Address  P.O. Box C-91406

San Quentin, CA 94974

FILED

E-filing

CDC or ID Number  C-91406

Northern district court

of california

(Court)

VRW

(PR)

PETITION FOR WRIT OF HABEAS CORPUS

WILLIAM KIRKPATRICK, JR.
Petitioner

vs.

Robert L. Ayers    Warden S.Q prison
Respondent

CV 08 1393

No. _____
(To be supplied by the Clerk of the Court)

Request For attached documents
Writs and exhibits to be considered
by this court and granted.

Petitioner - William Kirkpatrick Jr. requests the attached writ "notice
of submission of documents dated 1-24-08 be accepted by this court.
While normally the writ - and it's attachments should go to the
cent. dist. ct senior jdg Wm. D. Keller it is not possible to do
so. The FPD Sean K. Kennedy refuses to forward the writ and
the U.S. supreme court requires lower court exhaustion and I
just got the thing back on 2-6-08 after an unsuccessful attempt
at 'direct' filing in Kellers court.

An update to Kellers order - most recent - to me to see
psyc Dr. Michael Maloney is necessary.

Per jdg Kellers order - and against my better judgment I tried
to go to the pre made Feb 22 08 appointment. On video
San quentin Capt Fox refused to allow me to do so unless I
went - across the compound - in shower shoes and no pants -
In the rain!

Note: Capt Fox is one of the S.Q. officials who tried to

1  have me murdered on oct 15, 2006. He is also responsible
2  for a methodical campaign of torture with full knowledge
3  of the abuses and indignities being inflicted upon me by
4  sanquentin white christian young guards - all white!
5  The 1- Food doping, 2- assaults, 3- legal papers theft,
6  4- threats, 5- denial of medical care, 6- mail abuse,
7  7- sleep deprivation, 8- murder attempts, 9- denial
8  of medical aids, 10- denial of normal condemned
9  program- grade A, 11- daily conniving with gang affili-
10 ated inmates to further harass me, - are all in full
11 swing!
12 That I am of color - mexican/ black, And a follower of
13 islam is of course the motive for this unchecked be-
14 havior.
15 But the primary reason is this prison doesn't want any-
16 condemned inmate to represent himself! And self repres-
17 entation is my ultimate goal.
18 Note: I immediately notified the FBI, SF HQ about
19 Capt. Fox violating jdg Kellers order and the reasons
20 why, cmplnt out Feb 24, 2008.
21 Also the FPDs office, Feb 26, 2008. LtR "Notify Keller".
22 And the Calif. att. gen. Mr. Gerald Brown, Feb 28, 08.
23 And the U.S. court of federal claims where I've just
24 opened litigation. March 4, 2008.
25 I'm waiting to see if capt. Fox is arrested- For consp-
26 iring to and indeed violating a court order, obstruct-
27 ion of justice, intimidating the complaining witness,
28 violating my constitutional rights - Fox should be

1  Arrested and if he isn't I'm going to want to know the
2  reason why!
3  Also note: also present on Feb 22, 08 during Capt Foxx re-
4  fusal to allow me the court ordered psyc visit was P/G (pri-
5  son guard) Zeiller. No coincidence! P/G Zeiller was a
6  Key figure in the June 3, 07 unprovoked racial/rel-
7  igious assault upon me!, By young white christian guards
8  - and one jew!!! Their best pals on the row (death
9  row) are of course the ABs - arian brotherhood, skin
10  heads, and NLRs - nazi low riders, and of course
11  the Mexican mafia - my lifelong enemies. And now
12  the guards are recruiting the Crips!
13  S.Q. administration use access to drug deliveries and
14  institutional rights and privaleges to BRIBE the gangs.
15  Please grant my writ.
16
17
18
19
20
21  3-5--8                          Will Adgatush
22                          William Kirkpatrick Jr.
23
24
25
26
27
28

MC–275

Name  William Kirkpatrick, Jr.

Address  P.O. Box C-91406

San Quentin, CA 94974

Kcc
2-6-08
  unreported 1?.

CDC or ID Number  C-91406

Central District Court
of California
(Court)

**PETITION FOR WRIT OF HABEAS CORPUS**

WILLIAM KIRKPATRICK, JR.
Petitioner

vs.

Robert L. Ayers  warden S.Q.
Respondent

No.  CV 96- 0351-WDK
*(To be supplied by the Clerk of the Court)*
notice of submission of documents
to Judge Wm. D. Keller for exhaustion of issue

Petitioner submits the attached documents - in order of filling:

1- 6 pages writ with 7 exhibits (A-G) dated 10-9-07 originally sent to FPD Sean K Kennedy for cert. of counsel and forwarding to Judge Keller for 2 requested orders.

2- 1 page FPD response to request for funding dated NOV. 14'07.

3- 3 page writ to U.S. sup. court - with 9 page court order attached - dated 12-18-07.

4- 1 page U.S. sup. ct response from Clerks William K Suter and Gail Johnson.

5- 1 page "notice of submission" dated 1-24-08 with letter attached, titled "Formal written refusal of submission per U.S. supreme court instruction."

I request these documents filed and considered.

Signed at
San Quentin prison ▮▮▮▮ 1-24-08
San Quentin Calif. 94964

William Kirkpatrick Jr.

$P^{uc}_{2}, 6^{\circ 8}$

1-24-08

Central Dist. Court

Wm. A. Keller senier judge

Re: Formal written refusal of submissions per U.S.
Supreme court instruction.


Dear Fucking idiot,

As you see by the enclosed response from clerks
Suter and Johnson I require lower - in your case bottom
of the barrel - court exhaustion.

Please stay true to form and place your usual "Fuck
you nigger" rubber stamp on enclosed submission immediately so that I may proceed up the chain of command-
so to speak.


Also, note, I have made every effort to comply with
your orders since this 11 year long competency B.S.
began. These days are over hockey.
Stamp my submission and return it.


Will Kirkpatrick
William Kirkpatrick Jr.
C-91406   CDC

# SUPREME COURT OF THE UNITED STATES
## OFFICE OF THE CLERK
## WASHINGTON, DC 20543-0001

January 16, 2008

$R < c$

$1 - 23 - 08$

William Kirkpatrick
P.O. Box C-91406
San Quentin, CA 94974

RE: In Re William Kirkpatrick

Dear Mr. Kirkpatrick:

$(12 - 18 - 8)$

In reply to your letter or submission, received January 7, 2008, I regret to inform you that the Court is unable to assist you in the matter you present.

Under Article III of the Constitution, the jurisdiction of this Court extends only to the consideration of cases or controversies properly brought before it from lower courts in accordance with federal law and filed pursuant to the Rules of this Court. The Court does not give advice or assistance or answer legal questions on the basis of correspondence.

Your papers are herewith returned.

The Rules of this Court are enclosed.

Sincerely,
William K. Suter, Clerk
By:

Gail Johnson
(202) 479-3038

Enclosures

MC-275

1   Name  William Kirkpatrick Jr.

2   Address  P.O. box  C-91406

3   San Quentin Ca  94974

4

5   CDC or ID Number    C-91406

6   U.S. Supreme court

7
    (Court)                         Request for contact
8                                   PETITION FOR WRIT OF HABEAS CORPUS
    William Kirkpatrick Jr          with my own appeals court!
9   Petitioner
                vs.                  No. _____
10  9th circuit ct. of appeals         (To be supplied by the Clerk of the Court)
    U.S dist. Ct cent. dist. calif  Petitioners request to have the att-
11  Respondent (Robert L. ayers - warden  ached documents GIVEN to cent dist
    San Quentin prison- REAL Party Interest)  court, calif senior Jdg William D.
12                                   Keller in consideration of my death
13                                   Penalty appeal case # CV96-0351-
                                     WDK.

14  Petitioner, William Kirkpatrick Jr. prays the enclosed writ

15  be ordered sent to and 'GIVEN' to central dist court

16  calif senior Judge William D Keller.

17  The enclosed writ had been sent on oct 9, 2007 to

18  Fed. public defender Sean K Kennedy 'per' judge Keller,

19  instructions for 'certificate of counsel'. He refused it!

20  As you can see by his B.S. letter. Kennedy deliberat-

21  ely made an 'issue' over the "Petition for writ of habea

22  corpus" that was 'stamped' on that front page when I

23  photo copied it. He knows that's got nothing to do with

24  that writ - and so do you - this court!!

25  Please note: I sent the writ and attachments to

26  him oct 9 2007, his letter is dated nov. 14, 2007

27  and the envelope it came in is post marked nov 26

28  2007, and I got it nov 28 2007. I + only

    12-18-07                        1

1  takes 2-3 days for our letters to get to each
2  other due to their legal status. Kennedy SAT on
3  the writ to "protect" the guards that are "torturing"
4  me!!! It's NOT the first time he's done this!!!
5  Further the FPDs office is "Counsel of record".
6  their obligation during this 11 year long "compete-
7  ncy hearing" is "soley" to provide "Cert. of Counsel"
8  And I truly do not want even that much con-
9  tact with those racist lying pigs !!
10  I also attach a July 14 2006' order from Judge
11  Keller. You'll note: Page 2 lines 12-28 and
12  especially page 4 lines 8-10.
13  OF particular note regarding black mail by judge
14  Keller himself please see pages 5, 6, and 7.
15  Keller has NO RIGHT—that I know of— to
16  deny me due process avenues if I refuse any
17  "examination"!!! THIS IS BULLSHIT!!!
18  I am a half BLACK, half Mexican muslim and
19  this B.S. by Keller is a clearly RACIST act!
20  This PIG is sitting there saying "There's nothing
21  wrong with him. It was just the guards using
22  his racist lawyers and the racist jew dep. a.g.
23  to fuck with him! And you know what? It was
24  so much fun that now I'm" gonna do it, and if
25  he doesn't let me, I'm not going to let him
26  file anything that will have him formally declared
27  competent. Cause all he really wants is to
28  represent himself, and I'm not gonna let that

2

1 nigger & that!"

2 To further prove what a racist sheeck Keller is I
3 enclose an order from him, dated nov. 16, 2007, It
4 came to me nov. 20, 2007 via a guard P/a Wagner
5 at about 12 pm - No envelope NOTHING!! P/a
6 Wagner said Lt Schlosser gave it to him to give
7 to me. Lt Schlosser is 'one' of the pigs who
8 used the Mexican Mafia to try to murder me
9 on Oct 15 2006 ! Keller knows It!!!
10 Keller should have mailed it to me and you know
11 it! He is obviously trying to provoke a profane
12 tirade from me so he can say - as he did
13 before - "oh this is so unusual. We're going
14 to have to examine the competency issue all
15 over again."

16 That HONKY faggot is getting his wish! Fuck him
17 and Fuck the FPD and Fuck that psyc faggot!
18 I made the offer to see that psyc Last Year
19 Keller ignored my writ/ letter - Fuck him Now
20 I will NOT allow any white or Jew to
21 represent me! It is against islams credo
22 for me to do so - PLUS, I HATE YOU
23 PEOPLE TO NO END!
24 For the above reasons the attached must be sent
25 to Keller
26 I swear under penalty of perjury etc etc.
27 Signed at SQ prison
28    12-18-07
                              William Kirkpatrick

3



ORIGINAL

FILED
CLERK, U.S DISTRICT COURT

JUL 1 4 2006

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

Priority ✓
Send ✓
Enter ✓
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

SCANNED



ENTERED
CLERK, U.S. DISTRICT COURT

JUL 1 7 2006

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

1

2

3

4

5

6

7

8

9          UNITED STATES DISTRICT COURT

10          CENTRAL DISTRICT OF CALIFORNIA

11

12   WILLIAM KIRKPATRICK, JR.,        |   Case No. CV 96-0351 WDK

13          Petitioner,

14              v.                     |   ORDER DENYING MOTION TO
                                           RECONSIDER DENIAL OF REQUEST
                                           TO WAIVE PETITION OR TO HOLD
15   JEANNE WOODFORD, Warden,              COMPETENCY HEARING
     California State Prison at San
16   Quentin, et al.,

17          Defendants.               |   **THIS CONSTITUTES NOTICE OF ENTRY
                                           AS REQUIRED BY FRCP, RULE 77(d)**

18

19          On September 26, 2002, this Court denied Petitioner's motion to

20   Deny his request to waive his petition, or, in the alternate, hold a competency

21   hearing on his fitness to waive his petition. The Court granted reconsideration of

22   that Order on June 25, 2003. Following discovery into Petitioner's mental state,

23   briefing closed on March 1, 2006.

24          Petitioner's competence had been evaluated and confirmed in a state court

25   proceeding in November of 2001, and that determination is entitled to respect

26   and deference. Petitioner's reconsideration motion in this Court reported that

27   recently he had been placed into a mental health intervention program within San

28   Quentin prison amid suspicion that he may have become psychotic. Because of

**DEATH PENALTY**   320

1  the possibility that Petitioner had now become incompetent, the Court allowed

2  reconsideration of its Order denying Petitioner a hearing on his competency.

3  The new inquiry is limited solely to evidence concerning Petitioner's

4  mental status dating after the state court's determination. As noted in this

5  Court's previous order, a federal court may not overturn such determinations

6  unless it concludes that they are not "fairly supported by the record." See 28

7  U.S.C. § 2254(d)(8); Demosthenes v. Baal, 495 U.S. 731, 735 (1990). Believing

8  "that a substantial question has been raised regarding recent changes" in

9  Petitioner's mental condition, Miller v. Stewart, 231 F.3d 1248, 1252 (9th Cir.

10  2000), the Court allowed discovery into and briefing on Petitioner's mental

11  health.

12  The Court now views that inquiry as unwarranted. The briefing has

13  revealed the circumstances regarding Petitioner's entrance into the prison's

14  mental health program, which was not occasioned by any evidence of

15  Petitioner's deteriorating mental state. Petitioner's entrance to the program was

16  initiated by a reference by Associate Warden Dean Wooten. Petitioner had

17  written letters of complaint targeting Wooten with accusations of wrong-doing.

18  Wooten, who is not a medical professional or therapist, felt that these

19  accusations were "grandiose, paranoid, and narcissistic." Because Petitioner's

20  accusations were of things that Wooten believed had never happened, Wooten

21  referred Petitioner for evaluation. Wooten has no disclosed background in

22  mental health that gives his reference of Petitioner any particular weight.

23  Wooten's reference related more to Wooten's view of Petitioner's accusations

24  than it did to Petitioner's mental functioning.

25  Once Petitioner was referred to the program, Dr. Roy Johnson was

26  assigned to evaluate him. Dr. Johnson was stymied in his efforts to evaluate

27  Petitioner by his refusal to cooperate. Petitioner flatly refused to talk with him,

28

-2-

SCANNED

1    reacting with hostility to the perceived insult to his sanity. Johnson's inquiry

2    was limited to staff interviews and review of Petitioner's writings. On that basis,

3    Johnson concluded that Petitioner had antisocial personality traits and fit the

4    criteria for paranoid personality disorder. He was put into the prison's Mental

5    Health Services Delivery System and Correctional Clinical Case Management

6    Services program for further evaluation. The purpose of the assignation was to

7    enable staff to rule in or rule out the existence of a mental illness; it was not

8    itself a diagnosis of incompetence. Johnson's inability to examine Petitioner

9    rendered him unable to diagnose Petitioner's mental condition.

10          The complaints to which Wooten reacted and upon which Dr. Johnson

11   relied in arriving at his state of concern were part of Petitioner's long history of

12   writing extensive, lurid letters regarding his representation, treatment, and

13   conditions of confinement. Dr. Diane McEwen, the psychiatrist who evaluated

14   Petitioner for Judge Graham in the state competency proceeding, was aware of

15   this habit and untroubled by it. She stated her opinion that this trait was the

16   product of "long-time character traits" and "not the product of psychosis." She

17   saw his conduct as reactive to strong feelings of helplessness caused by his

18   incarceration and as a "practical, therefore 'sane,' adaptation" to his

19   imprisonment. His overreaction to perceived slights and hostile and indignant

20   rhetoric were not delusional, but were gratifying to him "as an affective release,"

21   "egosyntonic" and "within his conscious control." Petitioner's letters and the

22   wild allegations therein are not new elements to consider in evaluating, or new

23   reasons to question, his competence, but are the continuation of his efforts to

24   gain some control over his circumstances. As such, the Court must leave the

25   state determination of incompetence undisturbed, unless the character of those

26   letters has changed in such a significant way as to raise concerns about

27   Petitioner's sanity.

28                                          - 3 -

1       Petitioner's counsel makes that argument, stating that the writings that

2   postdate her assessment have been reviewed by Dr. Xavier Amador, who

3   concludes that they disclose a worsening mental condition. Counsel do not point

4   to any writing by Petitioner that supports that conclusion. Review of the

5   writings referenced by Petitioner's counsel reveal that they concern the same

6   general topics that Petitioner presented to Dr. McEwen: racial persecutions,

7   conspiracies against him by jail staff, and inattention from his habeas counsel.

8   Reviewing his writings, the Court is struck only by the claims that he has been

9   denied sleep, been threatened by a Marin County DA through jail guards, and

10  that someone has signed him up for unwanted magazine subscriptions. These are

11  not recurrent claims, and no showing has been made that they are new elements

12  or particularly strong evidence of manifest incompetency. Petitioner argues

13  elsewhere in his brief that Petitioner's writings are troubling because they are

14  continuations and reinforcements of previous allegations. Lacking factual

15  support, and in light of the fact that it is contradicted by other arguments by

16  Petitioner, the claim that Petitioner's recent writings demonstrate recent mental

17  deterioration fails.

18      Petitioner's tenure in the prison's mental health program reflects the

19  difficulty all parties have had in assessing his mental condition. In the fourteen

20  months he was in the prison's mental health program, Petitioner simply refused

21  to discuss his mental state with therapy staff. When the conversation veered

22  from psychological inquiry, however, Petitioner would interact with staff. Dr.

23  Amy Bronswick talked with Petitioner regarding an inmate appeal (a "602") he

24  had filed and he responded and became engaged in a conversation with her. (Dr.

25  Erika Bencich had a similar experience with Petitioner.) Although Petitioner

26  did not 'open up' to Dr. Bronswick, telling her that "my opinion is that you don't

27  have enough information to make a determination about my competency," she

28                              - 4 -

1  viewed him as "relatively stable" and was part of the team that decided to release

2  him from the mental care program. Dr. R.D. Ponath, the Chief Psychiatrist,

3  reviewed the reports and concurred in his release. Ponath stated that Petitioner

4  had a paranoid personality disorder and an antisocial personality disorder, but

5  did not require mental health treatment. He pointedly did not opine on

6  Petitioner's competence to waive further Federal habeas proceedings because

7  Petitioner's lack of co-operation prevented a confident diagnosis.

8      Petitioner is correct in asserting that Respondent's medical experts have

9  not given him a clean bill of mental health, either by their direct examination nor

10  by their decision to release him from the treatment program. However, he has

11  misallocated the burdens of proof. As noted by the Ninth Circuit, the issue of a

12  petitioner's competence is not one on which either side bears a burden of proof-

13  the Court must determine by a preponderance of evidence whether the petitioner

14  is mentally competent to withdraw his petition. However, to reach that issue

15  "sufficient evidence must be presented to cause the court to conduct an inquiry."

16  Mason v. Vasquez, 5 F.3d 1220, 1224 (9th Cir. 1993). Review of the

17  circumstances under which Petitioner was placed into San Quentin's mental

18  health program has undercut the basis on which this Court ordered

19  reconsideration of its Order denying the request for an inquiry into Petitioner's

20  competence. The Court now finds that there was no basis to grant

21  reconsideration. Further, the Court finds that there has not been sufficient

22  evidence now presented to conduct a second inquiry into Petitioner's

23  competence. The request for reconsideration is hereby **DENIED**.

24      Unsurprisingly, the parties have each presented experts who reach the

25  conclusions. As part of their analyses, these experts propose conclusions that

26  Dr. Diane McEwen, the state court-appointed psychiatrist, would reach if only

27  she had access to Petitioner's recent writings and the records of his subsequent

28

1   behavior in custody.  Indeed, much is made by Petitioner of the fact that her
2   determination of competency in light of his efforts to waive state habeas
3   proceedings was made with reference to the fact that he still had a federal habeas
4   petition.  Both parties have urged this Court to accept their view that Dr.
5   McEwen would now side with their positions.  Although the Court believes that
6   Petitioner has not carried his burden of showing a lack of competency, Dr.
7   McEwen's view on Petitioner's competence would have significant weight.

8        Because she was beholden to neither side, her view was not subject to
9   criticism or suspicion on the grounds of partisanship.  She established a working
10  relationship with Petitioner, and there was a trust and acceptance that enabled
11  her to get a comprehensive view into his mental condition.  In place of the
12  dueling expert opinions, the Court directs the parties to jointly approach Dr.
13  Diane McEwen via conference call or other means and determine if she is
14  available and willing to update her assessment of Petitioner's competency.  If she
15  is, the parties are to provide her with all relevant materials, such as those
16  submitted with this motion, and arrange for her access to Petitioner for in-person
17  evaluation as necessary.  The costs of her inquiry will be jointly borne by the
18  parties.  The parties are to **report to the Court** within two weeks of the date of
19  this Order as to Dr. McEwen's availability.  If she is not available, the Court will
20  consider appointing an expert under FRE 706, and will consider individuals
21  jointly proposed by the parties.

22       Petitioner is to be served with a copy of this order in the presence of
23  representatives of both parties, and it shall be imparted to him that his
24  cooperation with Dr. McEwen or other court-appointed expert Court is a
25  precondition to continued consideration of his request to withdraw his Federal
26  habeas petition.  If he refuses to do so at any point, his request to waive his
27
28                                      -6-

1  petition will be denied and may not be renewed.  The Court shall be informed if

2  Petitioner opts to discontinue his waiver of further proceedings.  A progress

3  report on the state of Dr. McEwen's inquiry is to be submitted two months after

4  the date of this Order.  The Court will schedule further proceedings after review

5  of Dr. McEwen's report.  No briefing is to be submitted by either side regarding

6  the expert report.

7

8  **IT IS SO ORDERED.**

9

10  **IT IS FURTHER ORDERED** that the Clerk of the Court shall serve, by United

11  States mail or by telefax or by email, copies of this Order on counsel for the

12  parties in this matter.

13       Dated:
              7/14/06
14

15                                   _____
                                          WILLIAM DUFFY KELLER
16                                   Senior United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28                                        - 7 -

# NOTICE PARTY SERVICE LIST

Case No. CV96-0351-WDK    Case Title WILLIAM KIRKPATRICK v. JEANNE WOODFORD

Title of Document ORDER DENYING MOTION TO RECONSIDER

| | |
|---|---|
| | Atty Sttlmnt Officer Panel Coordinator |
| | BAP (Bankruptcy Appellate Panel) |
| | Beck, Michael J (Clerk, MDL Panel) |
| | BOP (Bureau of Prisons) |
| | CA St Pub Defender (Calif. State PD) |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| | Case Asgmt Admin (Case Assignment Administrator) |
| | Catterson, Cathy (9th Circuit Court of Appeal) |
| | Chief Deputy Admin |
| | Chief Deputy Ops |
| | Clerk of Court |
| ✓ | Death Penalty H/C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So Div |
| | Federal Public Defender |
| | Fiscal Section |
| | Intake Section, Criminal LA |
| | Intake Section, Criminal SA |
| | Intake Supervisor, Civil |
| | Interpreter Section |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Riverside (PIAED) |
| | PIA Clerk - Santa Ana (PIASA) |
| | PSA - Los Angeles (PSALA) |
| | PSA - Riverside (PSAED) |
| | PSA - Santa Ana (PSASA) |
| | Schnack, Randall (CJA Supervising Attorney) |

| | |
|---|---|
| | Statistics Clerk |
| | US Attorneys Office - Civil Division -L.A. |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division -L.A. |
| | US Attorneys Office - Criminal Division -S.A. |
| | US Bankruptcy Court |
| | US Marshal Service - Los Angeles (USMLA) |
| | US Marshal Service -  Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| | US Probation Office (USPO) |
| | US Trustee's Office |
| | Warden, San Quentin State Prison, CA |

**ADD NEW NOTICE PARTY**
(if sending by fax, mailing address must also be provided)

Name:

Firm:

Address (*include suite or floor*):

*E-mail:

*Fax No.:
 * For CIVIL cases only

**JUDGE / MAGISTRATE JUDGE (list below):**

Initials of Deputy Clerk JG

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**Death Penalty**

### CIVIL MINUTES - GENERAL

Case No.   CV 96-351 - WDK                                 Date   November 16, 2007

Title      William Kirkpatrick v. Robert Ayers, Warden

---

Present: The            William D. Keller, United States District Judge
Honorable

| Linda Kanter | None | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:            Attorneys Present for Defendants:

Not Present                                  Not Present

**Proceedings:**      (IN CHAMBERS) Order Regarding Examination of Petitioner by Dr.
                      Maloney

    The Court has received and reviewed the declarations of Dr. Michael Paul Maloney and Deputy
Federal Public Defender Linda Griffis regarding Dr. Maloney's visit to Petitioner on March 2, 2007, as
well as Petitioner's letter to the Ninth Circuit setting out his view of the day's events. The Court is
satisfied that Dr. Maloney and Ms. Griffis acted properly and were not in a position to monitor the
communications between Petitioner and San Quentin's guards. In addition, the Court accepts
Petitioner's statement that he was and remains willing to meet with Dr. Maloney.

    Accordingly, the Court directs Dr. Maloney to meet with Petitioner to conduct his evaluation.
The Court accepts the suggestion proposed by Ms. Griffis in her sealed declaration that the parties meet
to devise a plan to ensure that Petitioner is informed of Dr. Maloney's visit and that communications
between Petitioner and San Quentin's guards are accurate. Counsel are to inform the Court of their plan
and the new date of Dr. Maloney's visit within 15 days of the date of this Order. Petitioner is to be
served with a copy of this Order.  .

                                                                  0    :    0

                                        Initials of Preparer

                                                                  LK

---

# FEDERAL PUBLIC DEFENDER
CENTRAL DISTRICT OF CALIFORNIA
321 EAST 2nd STREET
LOS ANGELES, CALIFORNIA 90012-4202
213-894-2854 PHONE   213-894-7566 FAX

**SEAN K. KENNEDY**
*Federal Public Defender*

**MARK R. DROZDOWSKI**
*Supervising Attorney*
*Capital Habeas Unit*

November 14, 2007     *Rec*
*11-28-07*

## LEGAL MAIL AND CONFIDENTIAL
## ATTORNEY-CLIENT PRIVILEGED

Mr. William Kirkpatrick, Jr.
CDC no. C-91406
San Quentin State Prison
San Quentin, California  94974

      Re:   <u>William Kirkpatrick vs. Ayers</u>
            USDC case no. CV 96-0351 WDK

Dear Mr. Kirkpatrick:

      Your letter of October 9, 2007, with enclosed Petition/Request for Relief and exhibits has been forwarded to me. I have reviewed your petition and have determined that the petition should not be filed with the court.

      Habeas corpus actions test the legality of criminal judgments. In other words, habeas corpus provides a forum for litigating constitutional claims and righting fundamentally unjust incarcerations. The actions complained of in your petition pertain exclusively to incidents of custody. The proper forum for addressing the issues and concerns in your petition is the system of review set up at San Quentin.

      I am returning your petition and exhibits. Ms. Turlington has advised me that she has already sent you copies of each.

      In the future, please tell your lawyer, Linda Griffis, about any problems you are experiencing. I'm sure she will try to assist you in any way she can.

                      Sincerely,

                      Sean K. Kennedy
                      Federal Public Defender

Enclosures

Name  William Kirkpatrick Jr.

Address  P.O. Box C-91406

San Quentin Cal. 94974

CDC or ID Number  C-91406

U.S. District Court

Central District California
(Court)

Request For 2 orders
~~PETITION FOR WRIT OF HABEAS CORPUS~~

WILLIAM KIRKPATRICK, JR.,

Petitioner

vs.

Robert L. Ayers

Respondent  warden San Quentin

No.  CV96-0351-WDK
(To be supplied by the Clerk of the Court)

Request for relief from racist abuse & physical
and theft (due to my race and religion) in the
form of: 1- an order for Calif. att. gen. Gerald
Brown to investigate the oct 15 2006 attempt
on [my] life by san quentin officials and the june
3 2007 racial/religious assault upon [me] by San Q-
uentin adjustment center staff; And the theft
of my legal documents by his office and San Q-
uentin officials; And the theft of [my] mail and
criminal use of my name for mail fraud.
2- An order to the FBI for the above named
civil rights violations plus the mail fraud
is interstate — a Federal offense.

Exhibits Attached
a - G

Petitioner, William Kirkpatrick Jr. is at this time being cruelly
abused physically and identity wise. I urgently request this
court order relief for me via the calif att. general and the Fed-
eral bureau of investigation.

1- Since last may 2006 I've been the victim of a systematic
campaigne of torture.

2- I've repeatedly written writs to this court detailing those abuses
and requesting relief.

3- I've repeatedly sent documents to FPD S.K Kennedy, Mark
Drozdowski, Linda Griffis demanding my documents be sent
to this court with a "certificate of counsel". All my efforts

10-9-07                                    1

1  were ignored.

2  4- Which 'proves' the FPDs named are working with san quen-

3  tin (S.Q.) guards and officials to torture and murder me due

4  to my race - Mexican/black and religion - islamic.

→ 5  5- The immediate problem 'now' is the oct 15 2006 187

6  attempt on my life by S.Q. warden Robert L. Ayers et al

7  using a mexican mafia flunkey - Christopher Self aka 'Pee

8  wee' aka 'Flaco' CDC# K21401. This murder attempt was

9  filmed.

10  6- On oct 19 2006 I sent this court a detailed writ

11  requesting relief similar to this request.

12  7- On ~~~~ Nov 13 2006 FPD Linda Griffin wrote to

13  gloat that this courts clerk sent her my oct 19 2006

14  writ seeking relief.

15  8- On ^Nov 14 2006 I tried again I sent this court an

16  instit appeal (602) or rather a 'copy' and 2 letters re-

17  questing relief. - PLUS a letter requesting this court

18  send me any orders it gives about my case - directly!

19  To date I've gotten no response to that ~~~~ ^Nov 14 06

20  writ/cmplnt/request.

21  9- On June 3, 2007 I was racially assaulted by

22  S.Q. unit guards under orders from S.Q. warden Robert

23  L. Ayers, Capt. R. Fox, Lt. Leese, Lt. Schlosser, Sgt

24  Hutchins, Sgt Hill. It was planned since April is my

25  understanding.

26  10- I sustained permanent physical damage to my right

27  ankle and shin and knee and my right arm and should-

28  er. And my front tooth was smashed during the

2

P 3-F6

1  cowardly white christian trash assault.

2  11- I've received token medical care! The Doctors also do

3  not wish to provide `christian` medical care to a Muslim!

4  12- I'm in pain now despite self treatment. I'm doing

5  what I can

6  13- I'm also being denied a grade A privelege program

7  unless I drop all efforts for an investigation into the

8  crimes mentioned above and below.

9  14- I'm in a grade B disciplinary program for a - ~~battle~~

10  10-15-06 "mutual combat" (I kid you not) and a 6-3-07

11  "resisting staff" (I kid you not, not)!!

12  15- The `perpetrators` of the 187 attempt and the

13  June assault were the `prison officials` that made

14  up the `committee` that makes the inmate program de-

15  cisions!

16  16- It should be noted that their oct 15 06 `assassin` was

17  given a group yard - privelege grade B- on april 26 2007.

18  17- I sent FPD Griffis a writ and letter to this court

19  demanding she "update the judge" on april 26 '07.

20  Did she?

21  18- Also, for some time now I have been the victim

22  of massive identity theft and mail fraud by S.Q.

23  unit staff - $^c/_o$ (prison guard) Persaud, $^c/_o$ Knox, $^c/_o$ Del-

24  rosario and recently $^c/_o$ Martinez, $^c/_o$ Haro, $^c/_o$ Krebs, $^c/_o$

25  Constancio, $^c/_o$ Zeiller, $^c/_o$ Ericson, and property guard

26  Avila and facility capt. R. Fox.

27  19- According to invoices (bills) I've received, I ordered

28  seven (7) different magazines (including one (1)

3

newspaper) a- Wall St. Journal: B - Architectural Digest: C-

Vanity Fair: D - Stuff for men: E- Blender: F- Condé

nast TRAVElier: G- Details magazine.

Exhibits:

20- It should be noted that the Wall St. journal bills

have 3 different account numbers! Exh. A

21 - It should be noted that the lattest subscription

just started coming oct 3 07! I got 10-3-07 + 10-4-07

and today 10-9-07. I did not order it! Further whoever

-er did deliberately left the C out of my CDC

number to fuck with me! There are only 17 people on

the tier. I'm the only kirkpatrick but even though the

mailroom sends the - un ordered paper to me % kreks

% Constancio, % Martinez, % Haro, and all the others

are going to pretend that without the C on it they

can't give it to me - BS! Exh. A

22- Now I'm supposed to write and complain about 3

different subscriptions to the publisher and compromise

myself and mess up my credit! That is the named

staff's intent !!

23- It should be noted I ordered Architectural Digest

way back in march 07. To date I've not received

or rather - been given an issue! Exh. B

24. It should be noted my name on the invoice is

misspelled kirk patick - it's - trick. Still they gave

me the bills didn't they!? To needle me! Exh B

25- The Vanity fair is all accurate but they refuse

to give it to me or tell me it ever came! Exh C

26 - The 'Stuff' magazine is also addressed correctly

1  but as with the previous magazine I'm not getting them!
2  — Exh D
3  27 — The same thing with the `Blender`, Exh E, the
4  `Condé nast Traveller` Exh F, both correctly addressed
5  but unreceived!
6  28 — Note: the Details magazine Exh G is also misspelled
7  kirkpatrick — `kirk`, but as with the `architectural
8  Digest I got the bill so what is the problem? Exh G
9  29 — NOTE — S.Q is obligated by law and calif prison
10  rules to let me know in writing of any mail I do
11  not receive and its disposition. They can't just throw
12  it away"!
13  30 — As is obvious the named guards` order it then use
14  their` deliberately placed `discrepancies` to stress me
15  out, or `try` to. And they use my legitimately ordered
16  reading material to do the same `and` ruin my credit
17  31 — It's working to a degree, Despite numerous instit-
18  utional appeals (602s) and many letters to S.Q. litig-
19  ation coordinator from me and dep A.G R.C. Schneider
20  — (she `claims` in writing = she never got any of the letters
21  that S.Q. lawyer` Hrs Denise Duhl and S.Q. administrat-
22  ion refuse to deal with these federal crimes proffession-
23  ally!
24  I want My mail! I want the perpetrators of this
25  interstate crime arrested!
26  It is for the reasons stated above that I request
27  an order from this court compelling Calif. A.G Mr
28  Gerald Brown to conduct an indepth investigation

5

1  Also, being as to how race and religion are the motiv-
2  ating factors here I ask that the court issue an order
3  to the Federal Bureau of Investigation to conduct an in-
4  depth investigation - immediately! This is absurd!
5  also on May 8 2007 I sent dep a.G. Robert C Schneider
6  an important complaint with specific instruction that I want
7  all the enclosures back. To date despite many appeals he
8  refuses to return them. I want them back!
9  Also on July 10, 2007 I wrote Senior dep. a.G Mr. Luis
10  Verduge Jr. requesting he address all letters sent to his office
11  to date no response from the calif. a.Gs office.
12  I swear under penalty of perjury the forgoing is true
13  and correct and will testify to it in a court of law
14
15  Signed at
16  san quentin prison
17  on oct 9 2007
18
19
20
21
22
23
24
25
26
27
28

Will Kirkpatrick

William Kirkpatrick

CDC # C-91406

6

# CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION
## DIVISION OF ADULT OPERATIONS
### Death Row Tracking System
### Condemned Inmate List (Secure)

Printed Date: 06/19/2007

| LastName | First Name | Status Code | Ethnic Code | Received Date | Sentence Date | Offense Date | Trial County | Court Action |
|---|---|---|---|---|---|---|---|---|
| JOHNSON | LUMORD | Living | BLA | 04/15/2002 | 04/08/2002 | 06/25/1994 | Riverside | No Action |
| JOHNSON | MICHAEL | Living | WHI | 05/06/1998 | 04/27/1998 | 07/17/1996 | Ventura | No Action |
| JOHNSON | WILLIE | Living | BLA | 08/05/1987 | 08/05/1987 | 07/01/1986 | Contra Costa | Affirmed |
| JONES | ALBERT | Living | BLA | 09/25/1996 | 09/20/1996 | 12/13/1993 | Riverside | No Action |
| JONES | BRYAN | Living | BLA | 09/28/1994 | 09/19/1994 | 08/15/1985 | San Diego | No Action |
| JONES | ERNEST | Living | BLA | 04/24/1995 | 04/07/1995 | 08/24/1992 | Los Angeles | Affirmed |
| JONES | JEFFREY | Living | BLA | 03/07/1989 | 02/22/1989 | 01/21/1985 | Sacramento | Affirmed |
| JONES | KIONGOZI | Living | BLA | 12/02/1998 | 11/17/1998 | 12/06/1996 | Los Angeles | No Action |
| JONES | MICHAEL | Living | BLA | 01/02/1992 | 12/13/1991 | 01/21/1989 | Riverside | Affirmed |
| JONES | RONALD | Living | BLA | 06/12/1991 | 06/04/1991 | 10/18/1988 | Los Angeles | Affirmed |
| JONES | WILLIAM | Living | WHI | 02/17/1999 | 02/08/1999 | 06/18/1996 | Riverside | No Action |
| JURADO | ROBERT | Living | HIS | 10/13/1994 | 10/01/1994 | 05/15/1991 | San Diego | Affirmed |
| KARIS | JAMES | Living | WHI | 09/20/1982 | 09/17/1982 | 07/08/1981 | Sacramento | Affirmed |
| KELLY | DOUGLAS | Living | BLA | 11/15/1995 | 11/08/1995 | 09/15/1993 | Los Angeles | No Action |
| KELLY | HORACE | Living | BLA | 06/27/1986 | 06/25/1986 | 11/22/1984 | Riverside | Affirmed |
| KENNEDY | JERRY | Living | WHI | 12/21/1993 | 12/20/1993 | 11/16/1984 | San Bernardino | Affirmed |
| KIMBLE | ERIC | Living | BLA | 04/06/1981 | 04/06/1981 | 03/15/1993 | Colusa | Affirmed |
| KIPP | MARTIN | Living | OTH | 09/24/1987 | 02/24/1987 | 08/12/1978 | Los Angeles | Affirmed |
| KIRKPATRICK | WILLIAM | Living | BLA | 08/22/1984 | 09/18/1987 | 09/16/1983 | Los Angeles | Affirmed |
| KOPATZ | KIM | Living | WHI | 03/27/2001 | 08/14/1984 | 12/30/1983 | Orange | Affirmed |
| KRAFT | RANDY | Living | WHI | 11/30/1989 | 03/21/2001 | 09/17/1983 | Los Angeles | Affirmed |
| KREBS | REX | Living | WHI | 07/20/2001 | 11/29/1989 | 04/22/1999 | Riverside | No Action |
| LANCASTER | ANDREW | Living | BLA | 09/23/1998 | 07/20/2001 | 12/01/1972 | Orange | Affirmed |
| LANDRY | DANIEL | Living | WHI | 09/19/2001 | 09/16/1998 | 11/13/1998 | San Luis Obispo | No Action |
| | | | | | 09/11/2001 | 04/23/1996 | Los Angeles | No Action |
| | | | | | | 08/03/1997 | San Bernardino | No Action |

CLOSED, ProSe

# U.S. District Court
## California Northern District (San Francisco)
### CIVIL DOCKET FOR CASE #: 3:07-cv-01780-VRW
#### Internal Use Only

Kirkpatrick v. Dull et al
Assigned to: Hon. Vaughn R. Walker
Cause: 28:2241 Petition for Writ of Habeas Corpus

Date Filed: 03/29/2007
Date Terminated: 04/05/2007
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: Federal Question

**Petitioner**

**William Kirkpatrick, Jr.**

represented by **William Kirkpatrick, Jr.**
C-91406
San Quentin State Prison
San Quentin, CA 94964
PRO SE

V.

**Respondent**

**Denise Dull**
*Legal Affairs Coordinator, SQSP*

**Respondent**

**Jerry Brown**
*CA Attorney General*

**Respondent**

**Edward S. Berberian, Jr.**
*Marin County District Attorney*

**Respondent**

**Mathew L. Cate**

**Respondent**

**CA Inspector General's Office**

**Respondent**

**CA Attorney General's Office**

| Date Filed | # | Docket Text |
|---|---|---|
| 03/29/2007 | 🖉1 | Case transferred in from the Eastern District of CA; Case Number 2:07-cv-00233-DFL-EFB. Original file certified copy of transfer order and docket sheet received.. Filed byWilliam Kirkpatrick, Jr. (gsa, COURT STAFF) (Filed on 3/29/2007) (Entered: 03/30/2007) |
| 03/29/2007 | 🖉2 | CLERK'S NOTICE re completion of In Forma Pauperis affidavit or payment of filing |

| | | fee due within 30 days. (gsa, COURT STAFF) (Filed on 3/29/2007) (Entered: 03/30/2007) |
|---|---|---|
| 04/05/2007 | 🌑 3 | ORDER DISMISSING CASE (gsa, COURT STAFF) (Filed on 4/5/2007) Additional attachment(s) added on 4/16/2007 (cgk, COURT STAFF). (Entered: 04/09/2007) |
| 04/05/2007 | 🌑 4 | CLERK'S JUDGMENT in favor of defendant against plaintiff (gsa, COURT STAFF) (Filed on 4/5/2007) (Entered: 04/09/2007) |
| 04/12/2007 | 🌑 5 | Letter dated 4/3/2007 from William Kirkpatrick requesting clarification of status of case and payment request. (gsa, COURT STAFF) (Filed on 4/12/2007) (Entered: 04/16/2007) |