IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM KIRKPATRICK, JR, ) | |
| ) | |
| Petitioner, ) | No C 08-1393 VRW (PR) |
| ) | |
| vs ) | ORDER OF DISMISSAL |
| ) | |
| ROBERT L AYERS, JR., ) | |
| ) | |
| Respondent(s). ) | |
| ) | |

      William Kirkpatrick, Jr, a state prisoner at San Quentin State Prison ("SQSP"), has filed a pro se petition for a writ of habeas corpus. Although not entirely clear, it appears that Kirkpatrick seeks some sort of intervention by this court in his pending federal habeas case in the Central District of California. He also appears to challenge certain conditions of his confinement at SQSP.

      Kirkpatrick's request for intervention in his pending federal habeas case in the Central District of California must be DISMISSED. This court lacks authority to compel another district court to take or refrain from some action. See Mullis v US Bankruptcy Court, 828 F2d 1385, 1393 (9th Cir 1987).

      Kirkpatrick's apparent challenge to certain conditions of his confinement at SQSP is DISMISSED without prejudice to filing a civil rights complaint under

42 USC § 1983.  Although the Supreme Court has not addressed whether a challenge to a condition of confinement may be brought under habeas, see <u>Bell v Wolfish</u>, 441 US 520, 526 n6 (1979), the Ninth Circuit has held that habeas jurisdiction is absent, and a § 1983 action proper, where, as here, a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence.  See <u>Ramirez v Galaza</u>, 334 F3d 850, 859 (9th Cir 2003); see also <u>Badea v Cox</u>, 931 F2d 573, 574 (9th Cir 1991) (civil rights action is proper method of challenging conditions of confinement); <u>Crawford v Bell</u>, 599 F2d 890, 891-92 & n1 (9th Cir 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).

Kirkpatrick is advised that he must exhaust California's prison administrative remedies before filing a civil rights complaint under § 1983.  See 42 USC § 1997e(a).  His unexhausted claims cannot proceed otherwise.  See id.

The clerk is instructed to send Kirkpatrick a blank civil rights form complaint, enter judgment in accordance with this order, terminate all pending motions as moot, and close the file.

SO ORDERED.

_____
VAUGHN R WALKER
United States District Chief Judge

G:\PRO-SE\VRW\HC.08\Kirkpatrick, W1.or1.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

Kirkpatrick,

        Petitioner,

  v.

Ayers, et al,

        Respondent.

                                         /

Case Number: C08-1393 VRW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 23, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

William Kirkpatrick C-91406
San Quentin Prison
San Quentin, CA 94964

Dated: May 23, 2008

                                      Richard W. Wieking, Clerk
                                      By: Cora Klein, Deputy Clerk